ARBOLEDA BRECHNER
ATTORNEYS AT LAW
4545 EAST SHEA BLVD., STE. 120
PHOENIX, ARIZONA 85028
TEL.: 602/953-2400
FAX: 602/482-4068
SMBRECHNER@ABFIRM.COM

Steven M. Brechner, Ariz. Bar No. 16393
Attorney for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 13 Proceedings |
| JOSEPH AVERY CORDEIRO, | Case No. 2:06-BK-03913-CGC |
| Debtor. | **CHAPTER 13 PLAN AND APPLICATION FOR ADMINISTRATIVE EXPENSE** |

1. Future income of the Debtor shall be submitted under the supervision and control of the Court, and the Debtor shall pay to the trustee the monthly sum of $1,250 for months 1 through 6 of the plan, $2,500 for months 7 through 10 of the plan, $1,250 for months 11 through 18 of the plan, $2,500 for months 19 through 22 of the plan, $1,250 for months 23 through 30 of the plan, $2,500 per month for months 31 through 34 of the plan, $1,250 per month for months 35 through 42 of the plan, $2,500 for months 43 through 46 of the plan, $1,250 for months 47 through 54 of the plan, $2,500 for months 55 through 58 of the plan and $1,250 for months 59 and 60 of the plan, for a total plan term of 60 months, commencing on the 21st day of December, 2006, and continuing on the 21st day of each month thereafter.

The Debtor is employed as a line working foreman for SRP. During the summer months (four months of the year) he receives substantial overtime. As a result, plan payments are increased during those months of the year. The plan proposes 100% payment of all claims to be paid through the plan.

2. CLASSIFICATION AND TREATMENT OF CLAIMS

Claims shall be classified and paid in the order listed below. Payments by the Trustee will be made only to those parties which have submitted a Fee Application or a Proof of Claim. The Trustee will accumulate (in trust) the payments described in Section 1 above. Payments by the Trustee will commence only upon confirmation of the plan or upon specific order of the Court, and shall be required to begin within a reasonable period of time following such confirmation by the Court.

A. ADMINISTRATIVE EXPENSES

1. TRUSTEE'S FEES AND COSTS - In order to cover the cost of administration, the Trustee shall receive such percentage of each plan payment as may be set and adjusted from time to time by the Attorney General pursuant to 28 U.S.C. §586(e)(1)(B). Such percentage fee shall in no event exceed ten percent (10%).

2. DEBTOR'S ATTORNEY'S FEES - $2,500.00 shall be paid to Steven M. Brechner, Esq. prior to commencement of payment on any claims listed hereafter. Steven M. Brechner, Esq. shall charge fees in this case at the rate of $200.00 per hour and assistant time of $75.00 per hour. In no event will Steven M. Brechner's total compensation exceed $3,500.00 without prior approval from the Court pursuant to separate and additional (second) fee application. In the event this case should be dismissed or converted prior to confirmation (or prior to distribution if the case is technically confirmed), such administrative claim shall be paid from plan payments prior to any other distribution, with the exception of any Trustee's fees or costs as may be awarded by the Court.

B. CLAIMS SECURED BY REAL PROPERTY

(1) LIEN RETENTION - The creditors scheduled in this section shall retain their security in any real property owned by the Debtor and which properly secured the claim pre-petition.

(2) HOMESTEAD EXEMPTION - The Debtor's homestead exemption in the residential real property and in identifiable cash proceeds from the sale of the residential real property is allowed. Pursuant to A.R.S. Title 33 section 1101, proceeds from the sale of the Debtor's homesteaded real property may be used in any manner and may be transferred, encumbered, or sold without further order of this Court upon the Trustee's approval. All identifiable cash proceeds from the sale of the Debtor's homesteaded real property shall become the sole property of the Debtor to the extent of the protected equity in such property.

(3) DIRECT PAYMENT OF REGULAR ONGOING MORTGAGE - Regardless of any arrearage listed below on real property mortgages, the Debtor shall make regular monthly mortgage payments which come due post-petition, directly to the mortgage holder/creditor. No payment shall be deemed late, and the agreement which is the basis for a claim shall not be deemed in default, solely as result of arrearages being cured under this plan.

(4) PRE-PETITION MORTGAGE ARREARS - Pursuant to 11 U.S.C. 1322(b)(5), the Debtor shall cure pre-petition mortgage arrears through this plan. Arrearages scheduled below are estimates and include all unpaid pre-petition regular payments, late charges, attorney fees and those costs actually incurred by the mortgage lender or assignee. The estimated arrearages listed below shall be adjusted to reflect the actual arrearage at the time of plan confirmation. Such arrears shall be paid in full without interest pursuant to applicable bankruptcy law. All pre-petition mortgage arrears shall be paid after administrative expenses on a

pro-rata basis with other secured claims, but prior to any other unsecured or priority debts.

The estimated claims/arrearages secured by real property are as follows:

    Creditor/Lienholder:                    Argent Mortgage Company
    Total Appx. Amount Owed:          $233,000
    Fair Market Value:                $291,000
    Appx. Amount of Arrears:          $00.00
    Interest Rate:                    N/A

    Creditor/Lienholder:                    Argent Mortgage Company
    Total Appx. Amount Owed:          $58,250
    Fair Market Value:                $291,000
    Appx. Amount of Arrears:          $00.00
    Interest Rate:                    N/A

The following regular post-petition payments are to be made outside of the plan:

    Creditor/Lienholder:                    Argent Mortgage Company
    Monthly Payment:                  $1,669.52

    Creditor/Lienholder:                    Argent Mortgage Company
    Monthly Payment:                  $603.66

D. CLAIMS SECURED BY PERSONAL PROPERTY TO BE RETAINED BY DEBTOR

(1) LIEN RETENTION - The creditors listed below shall retain their security interest in the described collateral.

(2) AMOUNT TO BE PAID - Creditors under this section shall be paid the lesser of the debt balance or the value of the property securing their claim. Payments shall be made in deferred cash payments plus interest at an annual rate of 8 percent unless specified otherwise.

(3) UNSECURED TREATMENT OF CLAIMS - Any claims not specifically named in this plan are presumed to be unsecured claims. Secured creditors shall be provided for as stated in this Plan regardless of the secured amount stated in a Proof of Claim. If a secured creditor does not file an objection to confirmation of the Plan, then it is deemed to have accepted treatment of its claim under the Plan. 11 U.S.C. § 1325 (a). Creditors claiming a secured status shall serve a copy of its Proof of Claim, proof of security and an objection to the plan upon the Debtor's counsel as provided by Court Order. In the absence of a Court Order, the aforementioned documents shall be served upon Debtors' counsel no later than (7) days prior to the first scheduled confirmation hearing date.

(4) LIEN RELEASE - The creditors scheduled below shall release all liens upon the collateral relating to the underlying debt listed upon the earlier of the payment of the underlying debt determined under non-bankruptcy law; or the entry of discharge pursuant Section 1328. Tax agencies scheduled below shall formally release all liens filed against the debtor and their property once they have received the full amount of their allowed secured claim pursuant to the Order confirming this plan.

```
Creditor:                         HSBC*
Collateral:                       2006 Dodge Charger
Total Appx. Amount Owing:         $31,000.00
Fair Market value of collateral:  $23,415.00**
Secured portion:                  $31,000.00
Unsecured portion:                $00.00
Interest Rate:                    9%
```

*Secured Creditor HSBC shall receive $310.00 out of each monthly plan payment as an adequate protection payment for the depreciation of the Debtor's vehicle.
** Vehicle value determined by Kelley Blue Book and Debtor's opinion of condition.

All secured claims shall be paid in full prior to the commencement of payment on any claims listed hereafter.

E. PRIORITY CLAIMS (OTHER THAN TAXES) AND ADMINISTRATIVE EXPENSES

The following priority claims shall be paid in full prior to the treatment of any other claims listed hereafter.

NONE.

F. PRIORITY TAX CLAIMS

The claims scheduled below shall be entitled to priority treatment under the plan pursuant to 11 U.S.C. 507(a)(8).

| | Amount Owing |
|---|---|
| Arizona Department of Revenue<br>2003-2004 Income Taxes | $500.00 |
| Internal Revenue Service<br>2004-2005 Income Taxes | $9,000.00 |

G. NON-PRIORITY UNSECURED TAX CLAIMS

All other tax claims shall share a prorata distribution with all other timely filed unsecured proofs of claims filed. Any amounts not paid in full through the plan shall be discharged. All tax liens filed against the Debtor shall be released upon 11 U.S.C. §1328(a) discharge.

H. SEPARATE CLASS OF UNSECURED CREDITORS

The following unsecured creditors shall be paid prior to the payment of any amounts to the general class of unsecured creditors, including those listed in section 2.G. above.

NONE.

I. OTHER NON-PRIORITY UNSECURED CLAIMS

(1) PAYMENT OF OTHER UNSECURED CLAIMS - All other claims shall be classified as unsecured with any claims of security interests in property being avoided. The Trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed, the balance of all funds received from the debtor(s) prorata with all other claims in this class. Such creditors are not entitled to interest on their claims.

(2) DISCHARGE OF UNPAID UNSECURED CLAIMS - Upon successful completion of all plan payments, any amounts still unpaid to unsecured creditors shall be discharged except student loans shall not be discharged unless a separate adversary proceeding is commenced and the court enters a separate order discharging the student loans.

(3) AMOUNT TO BE PROVIDED CAN CHANGE - The amount to be provided to unsecured claims can change without notice by the time this Plan is confirmed. If an unsecured claimant wishes to ensure that its claim receives the same payout as provided by this Plan, said claimant must enter its appearance in this proceeding and ask that it be a signatory on the confirmation order. An objection to confirmation is necessary to preserve the treatment of the claim should the proposed order confirming this Plan change the treatment of unsecured claims as set forth herein.

(4) THE BEST INTERESTS OF THE CREDITORS TEST IS MET BY PLAN - This Plan meets all the requirements of the Code (Title 11 U.S.C.) and achieves Chapter 7 Reconciliation, as the unsecured creditors will receive as much as or more under the Chapter 13 plan than they would receive in a Chapter 7 liquidation.

J. PROPERTY TO BE SURRENDERED: NONE.

K. REJECTION OF EXECUTORY CONTRACTS: NONE.

3. EFFECTIVE DATE AND VESTING

The effective date of the plan shall be the date the Order confirming the plan is entered by the Court. Property of the estate shall vest in the Debtor upon confirmation of the plan and the Debtor shall thereafter be able to sell and/or encumber his/her/their property. 11 U.S.C. § 1327(b).

4. POST PETITION CLAIMS

Claims allowed for post petition debts incurred by the Debtor may be provided for as set forth in 11 U.S.C. § 1322(b)(6).

5. CLAIM FILING

Neither the Chapter 13 Plan nor any Order confirming the Plan shall constitute an informal proof of claim for any creditor.

6. APPLICATION FOR ADMINISTRATIVE EXPENSE

1. The law firm of Arboleda Brechner, through Steven M. Brechner, Esq., has filed this Chapter 13 proceeding on behalf of the Debtor. Debtor's counsel hereby files application for approval of administrative expense pursuant to 11 U.S.C. §330. The Arboleda Brechner law firm also claims a state charging lien upon all funds in the Trustee's possession for the payment of its administrative expenses pursuant to *In re Southwest Restaurant Systems. Inc.*, 607 F.2d 1243 (9th Cir. Ariz. 1979).

2. Such counsel has agreed to represent the Debtor with regard to the confirmation of his/her Chapter 13 Plan.

3. The Debtor paid the sum of $1,000.00 prior to the filing of the Debtor's Chapter 13 Plan, plus $274.00 to pay the Debtor's Chapter 13 Filing Fee. Debtor's counsel fees and expenses in the amount of $2,500.00 are approved to be paid from funds collected by the Chapter 13 Trustee in the form of Plan payments. If Debtor's counsel seeks total compensation in excess of $3,500.00 from funds collected by the Chapter 13 Trustee in the form of Plan payments, said fees shall only be paid following Court approval of a separate and supplemental fee application.

4. SERVICES RENDERED BY COUNSEL INCLUDE, BUT ARE NOT LIMITED TO:

   a. Attorney conferences for the analysis of the Debtor's financial position, advise and counsel regarding the application of 11 U.S.C. Chapters 7, 11 and 13.

   b. Assistance with and the processing of information necessary to the preparation of the official forms required by the Court to be filed with a Chapter 13 Petition. The actual preparation of the Debtor's Petition and Schedules, Statement of Financial Affairs, Chapter 13 Plan, Master Mailing List, and all corresponding declarations.

   c. Document copying and mailing necessary for the noticing out of the Chapter 13 Plan and confirmation hearing date to all interested parties.

   d. Representation at the First Meeting of Creditors and at all hearings on confirmation of the initial Plan.

e.	Client consultations, creditor negotiations and conferences, and representation as regards the Chapter 13 Trustee and other interested parties.

		f.	Other than the trustee's administrative fees/expenses, administrative fees and costs under this application are to be paid prior to all creditor claims as provided in 11 U.S.C. §507. Fees requested in this application are not being shared. This application represents only fees and costs incurred by Debtor's counsel.

	By signing below, the Debtor acknowledges that he/she has read the foregoing Plan and approves of its content and reasonable likelihood of success. Debtor also acknowledges that he/she:

	1.	Has filed all required tax returns as of the date of the petition.

	2.	Understands the great importance of making all required post-petition mortgage payments if he/she is retaining his/her residence.

	3.	Has adequate insurance coverage on all financed automobiles.

	DATED this 21st day of November, 2006.

/s/ Steven M. Brechner, Esq. No. 16393
Steven M. Brechner, Esq.
Attorney for Debtor

/s/ Joseph Avery Cordeiro
Joseph Avery Cordeiro, Debtor

## CHAPTER 13 PLAN ANALYSIS

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

| | | | |
|---|---|---|---|
| A. | | Total Priority Claims: | |
| | 1. | Unpaid attorney's fees | $2,500.00 |
| | 2. | Taxes | $9,500.00 |
| | 3. | Other | $ |
| B. | | Total of Payments to Cure Defaults | $ |
| C. | | Total of Payments on Secured Claims (Plus interest as stated in Plan.) | $31,000.00 |
| D. | | Total of Payments on General Unsecured Claims* (Balance of Plan payments.) | $42,800.00 |
| E. | | Sub-Total | $ |
| F. | | Total Trustee's Compensation (10% of Debtor's payments.) | $10,000.00 |
| G. | | Total Debt and Administrative Expenses | $100,000.00 |

*This treatment can change without further notice. Please refer to paragraph (I)(3) of the plan.

## RECONCILIATION WITH CHAPTER 7

| | | | |
|---|---|---|---|
| H. | | Interest of General Unsecured Creditors if Chapter 7 Filed: | |
| | 1. | Value of debtor's interest in nonexempt property | $2,286.00 |
| | 2. | Plus value of property recoverable under avoiding powers | $0.00 |
| | 3. | Less est. Chapter 7 administrative expenses | $299.00 |
| | 4. | Less amount payable to priority creditors other than costs of administration | $9,500.00 |
| | 5. | Equals: estimated amount payable to unsecured Non-priority creditors if Chapter 7 filed (if negative, enter zero) | $0.00 |
| I. | | Estimated dividend for Unsecured Non-Priority Creditors under Chapter 7 | $0.00 |
| J. | | Estimated dividend under Plan | 100% |

Note: If there are discrepancies between the Plan and the Plan Analysis, the provisions of the Plan as confirmed controls.

ARBOLEDA BRECHNER
4545 EAST SHEA BLVD., STE. 120
PHOENIX, ARIZONA 85028
TEL.: 602/953-2400